United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Emily Fuller, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 18-60450-Civ-Scola |
| | ) |
| Casa Febus FL 1, LLC, Defendant. | ) |

### Order on Motion for Default Judgment

This cause comes before the Court upon Plaintiff Emily Fuller's Motion for Default Final Judgment (ECF No. 11). Previously, the Clerk of the Court entered a default under Federal Rule of Civil Procedure 55(a). (ECF No. 9.) Upon review of the record and the relevant legal authorities, the Court **denies** the Plaintiff's motion (**ECF No. 11**).

A "defendant, by [its] default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). "Although facts are admitted as true, conclusions of law are not; a sufficient basis must still exist in the pleadings to state a claim before a court may enter a default judgment." *Under Armour, Inc. v. 51nfljersey.com*, No. 13–62809–CIV, 2014 WL 1652044, at *4 (S.D. Fla. Apr. 23, 2014) (Rosenbaum, J.).

In her Complaint, Fuller asserts a claim under Title III of the Americans with Disabilities Act ("ADA"), *see* 42 U.S.C. 12181, *et. seq.*, and a common-law trespass claim based on Defendant Casa Febus FL 1, LLC's ("Casa Febus") website. (Compl., ECF No. 1.) Fuller alleges that Casa Febus's website is not functional for users who are visually impaired, does not offer information to permit disabled individuals to access the website's accessibility information, and placed unwanted software on her computer without her consent. In her Motion for Default Judgment, Fuller only seeks relief based on the ADA claim, and makes no mention of the trespass claim.

Title III of the ADA prohibits the owner of a place of public accommodation from discriminating "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). "To state a claim for relief under the ADA an individual must allege and establish that: (1) [she] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [her] disability." *Gomez v. Bang & Olufsen Am., Inc.,* No.

1:16-CV-23801, 2017 WL 1957182, at *2 (S.D. Fla. Feb. 2, 2017) (Lenard, J.). Fuller alleges in Count I that Casa Febus's *website*—not any of its brick and mortar locations—is the relevant public accommodation under 42 U.S.C. § 12181(7)(E). (*See* Compl., ECF No. 1 at ¶¶ 13–16.)

The Eleventh Circuit, relying on 42 U.S.C. § 12182(b)(2)(A)(iii) and *Rendon v. Valleycrest Prods., Ltd.*, 294 F.3d 1279 (11th Cir. 2002), recently held that a website that facilitates the use of a physical public accommodation but is inaccessible to disabled customers can serve as a basis to allege a plausible claim for relief under the ADA because such a website would serve to deny disabled individuals the ability to enjoy the goods, services, privileges, and advantages of the public accommodation. *Haynes v. Dunkin' Donuts LLC*, No. 18-10373, 2018 WL 3634720, at *2 (11th Cir. July 31, 2018) ("It appears that the website is a service that facilitates the use of Dunkin' Donuts' shops, which are places of public accommodation. And the ADA is clear that whatever goods and services Dunkin' Donuts offers as a part of its place of public accommodation, it cannot discriminate against people on the basis of a disability, even if those goods and services are intangible."); *see also Gil v. Winn-Dixie Stores, Inc.*, 257 F. Supp. 3d 1340, 1349 (S.D. Fla. 2017) (Scola, J.) ("Winn–Dixie has violated the ADA because the inaccessibility of its website has denied Gil the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations that Winn–Dixie offers to its sighted customers."). Whether a website is a public accommodation, however, is a legal question that has not yet been decided by the Eleventh Circuit.

Although Fuller alleges that Casa Febus's "website is an extension of, and gateway to, [Casa Febus's] physical stores," and seems to assert that its stores are places of public accommodation, *see, e.g.*, ECF No. 1 at ¶¶ 10, 14, Fuller does not base her ADA claim on the theory that Casa Febus's website is denying her access to a physical public accommodation. Rather, Fuller asks the Court to enter declaratory judgment on her claim that Casa Febus's website is a public accommodation that violates the ADA. However, Fuller fails to present a sufficient legal basis for the Court to make such a ruling. Without further support, the Court cannot enter declaratory judgment in Fuller's favor.

Accordingly, the Court **denies** Fuller's motion for default judgment (**ECF No. 11**) and **dismisses** this case **without prejudice**. The Clerk is directed to **close** this case.

**Done and ordered** in chambers at Miami, Florida on October 15, 2018.

_____
Robert N. Scola, Jr.
United States District Judge